**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

United States Courts
Southern District of Texas
FILED
MAY 2 6 2026
Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| TIESHA L GAMBLE, | § | |
| **Next of friend of minor,** | § | |
| AYDEN THOMAS, | § | |
| ALAYAH THOMAS, BRAIDEN THOMAS | | Civil Action |
| | § | |
| | § | |
| v. | § | |
| | § | |
| CITY OF HOUSTON et, al | § | |
| Defendants | | |

# Civil Complaint for Personal Injury Damage

## PARTIES

Plaintiff Tiesha Lashay Gamble is an individual residing in Houston, Texas, and brings this action individually and as next friend of minor's Ayden Thomas, Alayah Thomas, and Braiden Thomas.

Tiesha Gamble 07/03/1992

Ayden Thomas 05/16/2014

Alayah Thomas 09/22/2017

Braiden Thomas 02/01/2019

***Defendants of action:***

City of Houston, municipal entity organized under the laws of United States of America. Defendant Houston Police Department is a department of the City of Houston. Officers known identity; Officer 1 *Bradley*, Officer 2 *Fenuyi*, Officer 3 *Franklin,* Officer 4 *K. A Thormaehlen,* Officer 5 *T.B Martin,* Officer 5 and Officer 6 are unknown currently, the accurate identity of officers will be discovered during joint management setting.

## JURISDICTION AND VENUE

1.This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

2. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this district because all events giving rise to these claims occurred in Houston, Texas.

## STATUTE OF LIMITATIONS AND NOTICE COMPLIANCE

Plaintiffs bring this action within the applicable statute of limitations, as the events giving rise to these claims occurred on or about August 9, 2024, and this lawsuit is filed within the two-year limitations period applicable to claims brought under 42 U.S.C. § 1983 personal injury negligence. Plaintiffs have complied with all pre-suit notice requirements under the Texas Tort Claims Act by providing timely written notice to defendants or complaints detailing the incident, injuries, and damages. The City had actual notice through official records, including HPD Incident Report No. 1136470-24 – 0503551-26 and Internal Affairs Complaint No. 63185-2025 – 64169-2026.

## FACTUAL ALLEGATIONS

On or about August 9, 2024, emergency services were contacted reporting an active assault and a firearm at 13930 Goodridge Dr., Houston, Texas 77048. The situation presented an immediate and serious threat to the safety of Plaintiffs. Despite receiving a Priority 1 emergency call reporting an active assault and firearm, indicating an immediate threat to life and safety, Houston Police Department officers failed to respond within a reasonable time and failed to act with the urgency required under established emergency response protocols. This failure directly contributed to the escalation of harm suffered by Plaintiffs and forms a central basis of the claims asserted herein and did not properly assess the situation or ensure medical care for the injured minor Ayden Thomas. Officers ignored visible injuries, failed to secure EMS assistance, and failed to properly document critical facts, including strangulation. As a result of these failures, the minor condition worsened and required hospital care, and Plaintiff Gamble sustained injuries that were not properly documented at the scene. Officers further failed to prepare accurate reports, leading to false arrest and detention of Plaintiff Gamble, and charges that were later dismissed due to lack of probable cause and prosecutors could not prove beyond a reasonable doubt. Plaintiff Gamble was strangled to near death due to negligence of Houston police department.

Plaintiff believes that the Houston Police Department ("HPD") has engaged in a pattern of malicious targeting and unfair treatment toward Plaintiff, Tiesha Lashay Gamble, during multiple incidents, including events occurring on or about April 19, 2026 around or about 11:06pm.

On or about April 19, 2026, Plaintiff had lawful custody and possession of her child, Paris Williams, pursuant to the applicable custody schedule and court orders. Before the scheduled exchange time, Charles Williams, the child's father, arrived and attempted to take the child outside of his designated possession period. As the situation escalated, both Plaintiff and Charles Williams contacted law enforcement at the same time. Plaintiff was actively on the telephone with emergency dispatch operators when HPD officers arrived at the residence within approximately two to three minutes for Charles Williams. Plaintiff observed that officers arrived without emergency lights activated while Plaintiff was still communicating with dispatch.

While Plaintiff remained on the phone with the operator, officers approached and attempted to detain Plaintiff on her porch. Plaintiff requested permission to briefly enter the residence to speak with her son, who Plaintiff believed could provide relevant witness testimony regarding the incident. Officers refused Plaintiff's request and proceeded to detain Plaintiff despite Plaintiff's cooperation and absence of threatening conduct.

Plaintiff originally sought police assistance to file a report regarding assaultive conduct and interference involving Charles Williams and Paris Williams. However, officers declined to prepare Plaintiff's requested report. Instead, officers prepared a report against Plaintiff for alleged interference with child custody, despite Plaintiff providing documentation and information that Plaintiff believes demonstrated Charles Williams interfered with lawful custody and caused the disturbance.

After Plaintiff was placed in handcuffs, Plaintiff states that an officer repeatedly encouraged and pressured Plaintiff to allow Paris Williams to leave with Charles Williams rather than remain with Plaintiff. Plaintiff perceived these statements as coercive and psychologically manipulative, particularly while Plaintiff was restrained and emotionally distressed. Plaintiff believed officers were attempting to pressure Plaintiff into surrendering custody despite Plaintiff's belief that she had violated no law. Plaintiff further states that officers permitted Charles Williams to leave the scene without detention or enforcement action even though officers were provided information and documentation that Plaintiff believes showed he caused the disruption and interfered with lawful custody arrangements. Following the incident, Plaintiff filed a complaint with Internal Affairs concerning the officers' conduct and Plaintiff's detention. Plaintiff later received correspondence stating that officers acted appropriately regarding the child custody dispute; however, Plaintiff states the response failed to address the central complaint that Plaintiff had been detained without proper cause or justification.

As a result of these events, Plaintiff suffered a cut on her arm due to friction of officers and hand cuffs, emotional distress, anxiety, humiliation, fear, mental anguish, and ongoing psychological stress. Plaintiff believes the actions taken by HPD officers demonstrate selective enforcement, unfair treatment, and malicious targeting toward Plaintiff.

## MISCONDUCT AND CONSTITUTIONAL VIOLATIONS

**Defendants acted under the color of law at all relevant times.**

City of Houston (HPD) violated Plaintiffs' rights under the Fourth and Fourteenth Amendments by subjecting Plaintiff Gamble to false arrest and unlawful detention without probable cause and by failing to provide due process and protection.

**MUNICIPAL LIABILITY** (*Monell Claim*)

Plaintiff incorporates all prior allegations as if fully stated herein.

At all relevant times, Defendant City of Houston, through the Houston Police Department ("HPD"), acted under color of law and was responsible for the training, supervision, discipline, customs, practices, and policies governing HPD officers The City maintained policies or customs that allowed delayed emergency response, inadequate investigation, and failure to follow mandatory procedures regarding injured minor and medical emergencies. These failures constitute deliberate indifference and were a proximate cause of Plaintiffs' injuries.

Plaintiff states that the constitutional violations and injuries complained of herein were caused by official customs, policies, practices, or widespread patterns of conduct within HPD, including failures in training, supervision, investigation, and discipline concerning unlawful detention, selective enforcement, interference in child custody matters, and retaliation against Plaintiff.

# SUMMARY OF CLAIMS

Defendants, acting under color of law, violated Plaintiffs' constitutional rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, giving rise to liability under 42 U.S.C. § 1983. Defendants' actions included unlawful detention, failure to properly

investigate, and conduct that deprived Plaintiff Tiesha Lashay Gamble of liberty without due process of law. These constitutional violations were compounded by Defendants' failure to respond appropriately to a Priority 1 emergency, demonstrating deliberate indifference to the safety and rights of Plaintiffs.

Plaintiff suffered significant physical and emotional injuries on the date of the incident. Following the incident, Plaintiff was unable to obtain proper medical treatment because of insufficient financial resources and the ongoing stress and burden associated with the related criminal matter. As a result, Plaintiff's injuries were not timely or adequately treated.

Plaintiff sustained a fractured bone that has not been surgically repaired and has not received appropriate follow-up care or treatment necessary to prevent further injury, deterioration, chronic pain, loss of mobility, or other long-term complications. Plaintiff also suffered strangulation injuries, which are known to carry serious risks of delayed and long-term medical consequences, including neurological impairment, respiratory complications, vascular injury, cognitive difficulties, and other lasting physical effects.

In addition to the physical injuries, Plaintiff has experienced substantial emotional and psychological harm. The stress stemming from the incident and the related criminal proceedings has negatively affected Plaintiff's mental health, causing ongoing emotional distress, anxiety, fear, mental anguish, and disruption to daily life. Plaintiff continues to suffer both physically and emotionally and may require future medical and psychological treatment.

Defendants further subjected Plaintiff Gamble to false arrest and false imprisonment by detaining her without probable cause, resulting in a loss of liberty, emotional distress, and damages associated with an unlawful criminal charge that was ultimately dismissed. This unlawful

detention was not supported by sufficient evidence and was the direct result of inadequate investigation and improper conduct by responding officers.

Additionally, Defendants were negligent and grossly negligent in their response to a known and serious emergency involving an assault. Defendants failed to exercise reasonable care in responding to the situation, failed to ensure proper medical attention, and failed to follow established procedures designed to protect victims—particularly minors. As a direct and proximate result of these failures, significant harm was caused not only to the injured minor, Ayden Thomas, but also to other affected children, including Braiden Thomas, and Alayah Thomas. These minors suffered pain and suffering, emotional distress, and behavioral and mental health impacts due to separation from one another, restrictions on their freedom, and the traumatic disruption of their family environment. Defendants' actions and inactions created lasting psychological harm and instability, further demonstrating the severity of their negligence and the resulting damages.

## CLAIMS

Plaintiff Tiesha Lashay Gamble seeks damages of $5,500,000 for physical injuries, emotional distress, loss of liberty, and medical expenses.

Minor Ayden Thomas seeks damages of $500,000 for physical injuries, pain and suffering, emotional trauma, and medical treatment.

Minor Alayah Thomas seeks damages of $100,000 for trauma, mental suffer, emotional distress, and loss of liberty.

Minor Braiden Thomas seeks damages of $100,000 for trauma, emotional distress, and loss of liberty.

## REQUEST FOR RELIEF

Plaintiffs prays this request that the Court enter judgment in their favor, award compensatory and punitive damages, award costs and any allowable attorney's fees, and grant all other relief to which they are entitled.

Tiesha Gamble 05/26/2026

Tiesha Lashay Gamble
7326 Parkes St.
Houston, Texas 77088
832-851-8213
Gamble.tiesha@yahoo.com
Plaintiff Pro Se

## CERTIFICATE OF TRUTH AND ACCURACY

I, Tiesha Lashay Gamble, declare under penalty of perjury under the laws of the United States that the statements, factual allegations, and representations contained in this Civil Action and attached filings are true and correct to the best of my personal knowledge, information, and belief.

Executed on this 26 day of May, 20 26 in Harris County, Texas.

Tiesha Gamble
______________________________